# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUFUS MILLEGAN,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-09-0472 |
| v. : | |
| : | (Judge Caputo) |
| **RICARDO MARTINEZ, WARDEN,** : | |
| : | |
| Respondent : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Rufus Millegan, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ricardo Martinez, the Warden of USP-Allenwood, is the respondent. In his petition, Millegan argues that the Bureau of Prison's (BOP) practice of punishing inmates who fail to participate in the BOP's Inmate Financial Responsibility Program (IFRP) is improper. Mr. Millegan also contends that when the sentencing court required him to pay restitution pursuant to the Mandatory Victims Restitution Act (MVRA),[1]

---

[1] The MVRA requires "district courts to order restitution for certain crimes . . ." *United States v. Corley*, 500 F.3d 210. 224 (3d Cir. 2007). "[T]he sentencing court cannot delegate the scheduling of restitution payments to . . . the BOP because the fixing of restitution payments is an exclusively judicial act." *Costigan v. Yost*, 2008 WL 5062365, *1 (3d Cir. 2008), citing *United States v. Coates*, 178 F.3d 681, 685 (3d cir. 1999)(under MVRA, the sentencing court cannot delegate to the BOP the authority to set the schedule of restitution payments since this constituted a
(continued...)

the court improperly delegated this function to the BOP and failed to impose a specific provision for payment. (Doc. 1, Pet.) Millegan seeks relief from the BOP's requirement that he participate in the IFRP without negative repercussions.[2]

On June 25, 2009, the Respondent filed a response arguing that Mr. Millegan's petition should be dismissed as improperly filed under section § 2241, or alternatively, because the Third Circuit Court of Appeals has already approved the constitutionality of the IFRP. (Doc. 9, Response.)

The Court disagrees with Respondent's position that we do not have authority to consider Mr. Millegan's petition under section 2241, and with the characterization of the claim presented being limited to a constitutional challenge of the IFRP. Respondent, therefore, will be required to submit a supplemental response addressing the merits of Mr. Millegan's claim — whether the sentencing court committed an error by delegating to the BOP the amount and/or schedule of restitution payments he must make while incarcerated.

First, Mr. Millegan is not simply challenging the constitutionality of the IFRP. A fair reading of this pro se petition suggests that Mr. Millegan claims the sentencing court failed to establish a restitution payment schedule as required by the MVRA, and that the BOP via the IFRP, has impermissibly established and enforced such a

---

[1](...continued)
judicial act).

[2] Millegan's habeas petition is a one-page form petition that has been circulating within various BOP institutions in the Middle District. As such, it contains no specific information as to Millegan's sentence or his court-imposed order or restitution.

plan. It appears that the Respondent agrees with the court to the extent that Respondent equally views Mr. Millegan's request for relief as requesting "removal of all BOP imposed fee or [IFRP] collections against him . . ." (Doc. 6, at R. 2.)[3]

Next, the court does not agree that Mr. Millegan's claim challenging the BOP's administration of its IFRP as related to his court imposed restitution obligations is not cognizable in a habeas action pursuant to 28 U.S.C. § 2241. (*Id.* at R. 3.) In *Pinet v. J. Grondolosky*, No. 09-1491, 2009 WL 2942699 (3d Cir. September 15, 2009), the Third Circuit Court of Appeals, in reviewing the disposition of a case very similar to Mr. Millegan's, stated the following:

> [B]ecause Pinet challenges the execution of his sentence by claiming that the BOP acted unlawfully in establishing a payment schedule regarding the imposed fine, the claim falls squarely within the purview of a section 2241 petition. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

As such, it is clearly established that the type of claim presented by Mr. Millegan, namely whether or not the BOP has the authority to set the terms of his restitution while incarcerated, is a cognizable claim pursuable via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having concluded that this Court may consider Mr. Millegan's § 2241 petition, we will allow the parties additional time to brief the merits of the claim.

**AND NOW**, this ___**12th**___ day of **January, 2010**, it is ordered that:

1. Respondent shall file a brief in response to the merits of Mr. Millegan's § 2241 petition within fifteen (15) days of the date of this Order.

---

[3] "R." or "RR." references are to the CM/ECF pagination of the document cited.

2. Any such response shall include a copy of Mr. Millegan's sentencing order with respect to restitution, fines, and/or special assessments;

3. Mr. Millegan may file a reply brief to Respondent's brief within fourteen (14) days of the date of the Respondent's filing.

                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**