**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RUFUS MILLEGAN,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-09-0472** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **RICARDO MARTINEZ, WARDEN,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.    Introduction**

Presently before the court is a petition for writ of habeas corpus (doc. 1) pursuant to 28 U.S.C. § 2241 by petitioner Rufus Millegan, a federal inmate incarcerated at the United States Penitentiary at Allenwood (USP-Allenwood), in White Deer, Pennsylvania.  Millegan challenges that:

> the Bureau of Prisons' (BOP) imposition of sanctions
> against Federal prison inmate for his failure to acquiesce
> in BOP's Inmate Financial Responsibility (IFRP),
> restitution payment schedule was not in accordance with
> law, warranting writ of habeas corpus; sentencing court,
> although declaring Mandatory Victim's Restitution Act
> (MVRA) restitution 'due during period of imprisonment'
> had not established a specific schedule of payments to
> be collected during incarceration, and BOP lacked
> authority to substitute its own schedule.

Doc. 1, Pet.  Millegan also argues that only the sentencing court has the authority to set a schedule of restitution payments and that this authority cannot be delegated to the BOP.  *Id*.  As relief, Millegan seeks "removal of all BOP imposed fee or IFRP collections against him, no sanctions by the BOP may be imposed, and a legal,

permanent bar from the BOP reinstalling any collection of any type, or sanction." *Id*.

For the reasons set forth below, the petition will be dismissed without prejudice due to Millegan's failure to exhaust his administrative remedies.

## II.    Background

On February 21, 2003, the United States District Court for the District of Maryland sentenced Millegan to "three concurrent life terms and ordered him to pay $8,977.00 in restitution (representing the cost of the victim's funeral expenses) and a $300.00 special assessment." *United States v. Millegan*, No. CR.A. DKC 01 367, Civ. A. DKC 07 984, 2007 WL 2071784 at *1, n. 1 (D. Md. July 17, 2007); *see also* Doc. 11-2, Exhs. in Supp. of Supp. Resp. to the Pet. for Writ of Habeas Corpus at p. 16.[1]  The court waived a fine after finding Millegan did not have the ability to pay a fine. *Id*.  The court ordered payment of Millegan's criminal penalties shall be due in full immediately. *Id*. at p. 17.  The order of Judgment also direct that "[u]nless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment through the Bureau of Prisons' Inmate Financial Responsibility Program." *Id*.

Via his participation in the BOP's IFRP program, on December 12, 2006, Millegan's felony assessment ($300.00) was paid in full. *Id*. at p. 6, Sullivan Decl. At

---

[1]  Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

¶ 14.  With regard to payment of his restitution obligation, Millegan, again through his participation in the IFRP program, has satisfied $3,092.22 of his restitution, leaving an outstanding balance of $5,884.78.  *Id*. at ¶19.  As of the date of Respondent's supplemental response, Millegan continued to participate in the IFRP program.  *Id*. at ¶ 17.

The BOP has established a multi-tiered process for a federal prisoner to seek formal review of any aspect of his imprisonment.  28 C.F.R. §§ 542.10-542.19.  First, "an inmate shall . . . present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  Id. § 542.13(a).  Second, if an informal resolution does not work, the inmate may file with the warden "a formal written Administrative Remedy Request."  Id. § 542.14(a).  Third, from the warden's response, the inmate may appeal to the regional director.  Id. § 542.15.  Fourth, from the regional director the inmate may appeal to the general counsel (the Central Office).  Id.

Petitioner arrived at USP-Allenwood on March 18, 2003.  *Id*. at ¶ 13.  A review of pertinent BOP records shows that Millegan did not file any administrative remedies regarding the issues raised in his petition prior to filing his petition.  Doc. 11-2 at pp. 9 - 10.  Millegan did not file a traverse in this matter.

### III.    Discussion

Respondent seeks dismissal of the petition because Millegan has failed to fully exhaust available avenues through the administrative review process.  Doc. 11,

Supp. Resp. To Pet. for Writ of Habeas Corpus. A federal inmate's challenge to the BOP's enrollment of prisoners in the IFRP is properly brought via a habeas corpus petition, specifically 28 U.S.C. § 2241. *See Ridley v. Smith*, 179 F. App'x 109, 110-11 (3d Cir. 2006)(concluding that the petitioner's challenge to the BOP's "authority to set the timing and amount of the payments to his file while incarcerated" is properly brought as a petition for habeas corpus under § 2241). Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996). Exhaustion is excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1998). Respondent has established, without objection by Millegan, that he never filed an administrative remedy challenging this issue raised in this petition prior to filing it. There is no indication that excusing exhaustion is warranted in this case. Accordingly, Millegan's habeas petition is subject to dismissal without prejudice.

    An appropriate order follows.

                                        /s/ A. Richard Caputo
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**

**Date: May 4th, 2011**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RUFUS MILLEGAN,** | : |
| | : |
|    Petitioner | : |
| | :   CIVIL NO. 3:CV-09-0472 |
| v. | : |
| | :   (Judge Caputo) |
| **RICARDO MARTINEZ, WARDEN,** | : |
| | : |
|    Respondent | : |

**O R D E R**

**AND NOW**, this **4th** day of **MAY, 2011,** upon consideration of the petition for writ of habeas corpus (doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED due to petitioner's failure to exhaust the administrative review process.

2. The Clerk of Court is directed to CLOSE this case.

                                        /s/ A. Richard Caputo
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**